# UNITED STATES JUDICIAL PANEL
### on
# MULTIDISTRICT LITIGATION

**IN RE: WESTERN STATES WHOLESALE
NATURAL GAS ANTITRUST LITIGATION**                    MDL No. 1566

## REMAND ORDER

**Before the Panel:** Various defendants[1] in the two actions listed on the attached Schedule A (*Arandell* and *NewPage*) move under Panel Rule 10.2 to vacate our order, entered at the suggestion of the transferee judge, conditionally remanding the claims against them to the Western District of Wisconsin.[2]  Plaintiffs in those actions oppose the motion.

After considering the argument of counsel, we deny defendants' motion to vacate.  "In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings."  *In re Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977).  We accord such weight here.  These cases have been pending in the MDL for a number of years.  Pretrial proceedings to date have been extensive, and have included significant motion practice, substantial discovery, and lengthy appeals.  The Honorable Robert Clive Jones, who has been overseeing the MDL since June 2015, has made a reasoned determination that Section 1407 remand is appropriate for the completion of remaining pretrial proceedings (including class certification) and trial.

In their motion to vacate, defendants do not disagree that the transferor court should oversee the remaining proceedings.  They object only to the timing of remand, asking that remand be postponed until after the resolution of all matters regarding a pending appeal[3] and plaintiffs' settlements with certain other defendants.  Indeed, they appear to suggest that the pendency of the appeal has divested the district court (whether it be the transferee court or the transferor court) of jurisdiction to adjudicate plaintiffs' claims against them.  But Section 1407 does not empower the Panel to decide questions going

---

[1]    These defendants are:  e prime, inc.; Northern States Power Company; Xcel Energy Inc.; The Williams Companies, Inc.; Williams Merchant Services Company, LLC; Williams Gas Marketing, Inc.; Dynegy Illinois Inc.; DMT G.P. L.L.C.; Dynegy GP Inc.; Dynegy Marketing and Trade; Cantera Natural Gas, Inc.; Cantera Resources, Inc.; CMS Energy Resources Management Company; CMS Field Services Inc.; CMS Energy Corporation; and Cantera Gas Company.

[2]    *See* 28 U.S.C. § 1407(a) (authorizing the Panel to separate and remand any claim or claims in an action).

[3]    *See Arandell Corp. v. CenterPoint Energy Servs., Inc.*, 900 F.3d 623 (9th Cir. 2018).

- 2 -

to the jurisdiction of a case.  *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990).  Following remand, defendants are free to argue to the Western District of Wisconsin court as to the significance, if any, of the appeal and the pending settlements with respect to the course of remaining pretrial proceedings.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the claims in *Arandell* and *NewPage* against defendants e prime, inc.; Northern States Power Company; Xcel Energy Inc.; The Williams Companies, Inc.; Williams Merchant Services Company, LLC; Williams Gas Marketing, Inc.; Dynegy Illinois Inc.; DMT G.P. L.L.C.; Dynegy GP Inc.; Dynegy Marketing and Trade; Cantera Natural Gas, Inc.; Cantera Resources, Inc.; CMS Energy Resources Management Company; CMS Field Services Inc.; CMS Energy Corporation; and Cantera Gas Company are remanded to the Western District of Wisconsin.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

Lewis A. Kaplan                     Ellen Segal Huvelle
R. David Proctor                    Catherine D. Perry
Karen K. Caldwell                   Nathaniel M. Gorton

**IN RE: WESTERN STATES WHOLESALE
NATURAL GAS ANTITRUST LITIGATION**                MDL No. 1566

## SCHEDULE A

<u>District of Nevada</u>

ARANDELL CORP., ET AL. v. XCEL ENERGY INC., ET AL.,
    C.A. No. 2:07-01019 (W.D. Wisconsin C.A. No. 3:07-00076)
NEWPAGE WISCONSIN SYSTEM INC. v. CMS ENERGY RESOURCE
    MANAGEMENT COMPANY, ET AL.,
    C.A. No. 2:09-00915 (W.D. Wisconsin C.A. No. 3:09-00240)